IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PHYLLIS MARTINEZ,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-3912 |
| **CONESTOGA TILE,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Phyllis Martinez ("Plaintiff") brought a *pro se* action against Conestoga Tile ("Conestoga"), accusing Conestoga of terminating her employment in violation of the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* Now pending before the Court is Conestoga's Motion to Dismiss (ECF No. 6), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the parties' briefs (ECF Nos. 6–1, 9 & 10) and has determined that no hearing is necessary to resolve this matter. *See* Local Rule 105.6 (D. Md. 2014). For the reasons explained below, Conestoga's motion will be GRANTED, and Plaintiff's Complaint will be DISMISSED WITHOUT PREJUDICE.

## I. Background[1]

Plaintiff, a former employee of Conestoga, was terminated on February 16, 2015. (ECF No. 1 ¶ 4.) Plaintiff provides few details concerning her employment history and the circumstances surrounding her termination. She alleges that Conestoga told "unemployment" (presumably the Division of Unemployment Insurance at the Maryland Department of Labor,

---

[1] The facts are recited here as alleged by Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Licensing and Regulation) that her position was "eliminated due to lack of work." (*Id.* ¶ 6.) She further alleges that Conestoga posted an advertisement for her position two weeks prior to her termination at "Career Blders" [*sic*] and that Conestoga "hired another person within 1 month after [her] termination." (*Id.*) Plaintiff avers that Conestoga told her she "no longer was a fit for the company"; she also complains that, while Conestoga could have fired her "at will," it chose instead to "list reasons (that are unfounded—lies)." (*Id.*) Finally, Plaintiff contends that, while Conestoga did not maintain performance records, her direct supervisor "never said [she] was not performing" but instead was "complimentary of [her] performance." (*Id.*) From these spare facts, Plaintiff surmises that she was fired because of her age.

Plaintiff filed a charge of age discrimination before the Equal Employment Opportunity Commission on March 4, 2015. (*Id.* ¶ 9.) She received a right-to-sue letter on September 24, 2015 (Charge No. 531-2015-01002) (ECF No. 1–1); she commenced this lawsuit on December 22, 2015, within the ninety-day window prescribed by the ADEA.[2] Conestoga moved to dismiss on February 11, 2016 (ECF No. 6); Plaintiff filed a response in opposition (ECF No. 9), and Conestoga replied (ECF No. 10). Conestoga's motion is ripe for decision.

## II.   *Standard and Scope of Review*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a Rule 12(b)(6) motion, the Court views all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Twombly*, 550 U.S. at 556. Even so, "[f]actual allegations must be enough to raise a right to relief above the

---

[2] *See* 29 U.S.C. § 626(e).

speculative level." *Id.* at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).  A plaintiff filing *pro se* is held to a "less stringent standard[]" than is a lawyer, and the Court must construe *pro se* claims liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "However, even a *pro se* complaint must meet a minimum threshold of plausibility."  *Hawkins v. Hairston*, Civ. No. 12-cv-1366-JKB, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012), *aff'd*, 530 F. App'x 263 (4th Cir. 2013) (mem.).

The parties here have attached affidavits, e-mail transcripts, and other documents to their briefs.  However, as none of these documents are public records and as none are integral to and explicitly relied on in Plaintiff's Complaint, the Court will disregard them for purposes of testing the sufficiency of the Complaint.  *Cf. Fisher v. Md. Dep't of Pub. Safety & Corr. Servs.*, Civ. No. JFM 10-CV-0206, 2010 WL 2732334, at *3 (D. Md. July 8, 2010) ("If a defendant attaches non-integral documents to a motion to dismiss, the simplest course for a court to take is to disregard them." (citing *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997))).

## III. Analysis

The ADEA makes it unlawful for a covered employer[3] to "discharge any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).  The statute was enacted to "protect a relatively old worker from discrimination that works to the advantage of the relatively young."  *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 591 (2004).  Consequently, the ADEA's protections extend only to individuals who are at least forty years old.  29 U.S.C. § 631(a).

---

[3] The ADEA applies to employers that are "engaged in an industry affecting commerce" and that have "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).

Plaintiff alleges that she was born in 1944 and that she was terminated in 2015 (ECF No. 1 ¶¶ 3-4); Conestoga does not dispute that she could theoretically seek relief under the ADEA.

Conestoga contends, however, that Plaintiff has failed to plead a plausible claim for age discrimination. In support of its contention, Conestoga proposes that where (as here) a plaintiff "fails to allege direct or circumstantial proof that discrimination motivated the employer's decision," she must rely on the *McDonnell Douglas* framework, alleging "facts sufficient to support all elements of her *prima facie* case for discrimination." (ECF No. 6–1 at 4-5.) Conestoga is mistaken. In *McCleary-Evans v. Maryland Department of Transportation*, 780 F.3d 582, 584 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016) (mem.), the United States Court of Appeals for the Fourth Circuit cited *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002),[4] for the proposition that the *prima facie* case is an evidentiary standard, not a pleading requirement. Accordingly, a plaintiff need not plead a *prima facie* case to proceed to discovery on a theory of employment discrimination.

Nevertheless, any federal plaintiff must plead a plausible claim for relief—one that comports with the notice-pleading regime codified in Rule 8(a) of the Federal Rules of Civil Procedure and with the admonitions of *Twombly* and *Iqbal*. Because Plaintiff here purportedly brought her claim under the ADEA, "she was required to allege facts to satisfy the elements of a cause of action created by that statute," *McCleary-Evans*, 780 F.3d at 585—*i.e.*, that Conestoga "discharge[d] [her] . . . *because of* [her] . . . age," 29 U.S.C. § 623(a)(1) (emphasis added). Yet Plaintiff's Complaint is bereft of any facts from which the Court could plausibly infer that she was fired because of her age. She avers that Conestoga posted a job advertisement before firing her and that it hired her replacement within a month after her termination. (ECF No. 1 ¶ 6.) But

---

[4] The Fourth Circuit recognized that the pleading analysis in *Swierkiewicz* was overruled in part by *Twombly* and *Iqbal*, which articulated the now-familiar requirement that a "complaint must allege a *plausible* claim for relief." *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 587 (4th Cir. 2015).

she supplies no details about this purported new hire: the Court is left to speculate whether this individual was older than Plaintiff, younger than Plaintiff, or approximately Plaintiff's age. And Plaintiff's remaining allegations—that she was told she was no longer a "fit" for the company; that the company's reasons for terminating her were "lies"; and that her supervisor had praised her performance on some unspecified occasion—do nothing to nudge her ADEA claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570; *cf. Kamatta v. Burwell*, Civ. No. WDQ-14-3684, 2015 WL 4548615, at *5 (D. Md. July 27, 2015) (dismissing age- and race-discrimination counts where plaintiff alleged that her supervisor harassed her and treated her differently than other personnel but where plaintiff provided no information about the ages or races of those personnel and alleged no other facts from which the court could conclude that she was fired because of her age and/or race).

While the Court is mindful that a plaintiff "may not cure the deficiencies of a complaint through subsequent briefs," *Mathis v. McDonough*, Civ. No. ELH-13-2597, 2015 WL 3853087, at *3 n.10 (D. Md. June 19, 2015), the Court nevertheless scoured Plaintiff's opposition memorandum and exhibits in search of any indicia of age discrimination. In her memorandum, Plaintiff recalls an e-mail she sent to her former supervisor in which she expressed that she felt she was "being treated like an 'Old Shoe,'" and Plaintiff also muses that her "age and mature appearance had everything to do with [her] firing." (ECF No. 9 at 7-8.) But Plaintiff's perceptions, unmoored to any discriminatory conduct or statements by Conestoga's agents, would not save her ADEA claim even had she pleaded such perceptions in her Complaint.[5] And while Plaintiff poses a series of perhaps rhetorical questions about her work history and the

---

[5] Plaintiff also posits that Conestoga's agents believed the company showroom was "too big or overwhelming due to [her] age." (ECF No. 9 at 4.) Plaintiff bases her conjecture on an e-mail she received from Conestoga's president, James Vogel, in which Vogel noted that Plaintiff had "[c]onstantly complain[ed] about . . . the showroom being too big." (ECF No. 6–3 at 1.) Read in context—and without more—Vogel's statement is likely not indicative of age discrimination.

5

circumstances surrounding her termination, she admits that she "cannot dispute [her] tardiness" (*id.* at 4)—a legitimate reason for an adverse employment action that has no obvious link to Plaintiff's age.

In sum: Plaintiff's ADEA Complaint, as drafted, "stops short of the line between possibility and plausibility," *Twombly*, 550 U.S. at 557, and so it must be dismissed.

## IV.  Conclusion

For the reasons stated herein, an Order shall enter GRANTING Conestoga's Motion to Dismiss (ECF No. 6) and DISMISSING Plaintiff's Complaint WITHOUT PREJUDICE.

DATED this 20th day of April, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge